FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

SEP 17 2009

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RICKEY LOUIS ALFORD,<br><br>　　　　Petitioner,<br>　　v.<br><br>JOHN DOE, DIRECTOR OF<br>CORRECTIONS, F.B. HAWS, Warden,<br><br>　　　　Respondents | Case No. CV 09-6030 MMM (AJW)<br><br>MEMORANDUM AND ORDER<br>DISMISSING PETITION |

Petitioner filed this petition for writ of habeas corpus on August 10, 2009.[1] For the following reasons, the petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

The petition sets forth five grounds for relief, in which petitioner alleges, among other things, that respondent has "concealed a murder plot on my mother"; Magistrate Judge Andrew J. Wistrich

---

[1] Petitioner has filed more than twenty actions in this Court. Many of the more recent cases have been dismissed for reasons similar to those which render the present petition subject to dismissal. See, e.g., Case Nos. CV 00-7562-AHM(AJW), CV 01-4278-MMM(AJW), CV 01-5115-CBM(AJW), CV 01-9763-GHK(AJW), CV 02-4428-GLT(AJW), CV 03-2509-MMM(AJW), CV 03-4931-TJH(AJW), CV 05-5986-RMT(AJW), CV 05-8656-RMT(AJW). In one, however, the Court appointed counsel, and petitioner obtained relief in the form of sentence credits. See Case No. CV 04-4970-RMT(AJW).

"conspired to obstruct prison authorities" to prevent habeas petitions and civil rights complaints from being processed; petitioner "has spent every dollar my mother has sent me over food poisoning"; the "black social workers granted to exhaust administrative remedies (females)"; and "Andrew J. Wistrich as a result of his behavior abide by this request no matter what the price of canteen, and $50,000.00 installment for a settlement out of court over 1260 days credit loss, that should have discharged off parole." [Petition at 5-6].

Rule 4 of the Rules Governing Section 2254 Cases provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal...." Summary dismissal pursuant to Rule 4 is appropriate only where the allegations in the petition are "vague or conclusory," "palpably incredible," or "patently frivolous or false." Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)). As pleaded, the petition filed in this case is subject to summary dismissal because the allegations are vague, conclusory, and frivolous. See generally Rule 2(c) of the Rules Governing Section 2254 Cases (providing that a habeas petition must specify the grounds for relief and shall set forth in summary form the facts supporting those grounds); O'Bremski v. Maas, 915 F.2d 418, 420 (9th Cir. 1990) (explaining that "notice pleading is not sufficient," and that the petition must state facts pointing to a "real possibility of constitutional error"), cert. denied, 498 U.S. 1096 (1991).

1  Furthermore, to the extent that petitioner's allegations are
2  comprehensible, none appear to be related to the constitutional
3  validity of petitioner's conviction or sentence.  As such, these
4  allegations cannot serve as a basis for federal habeas relief.  See
5  Preiser v. Rodriguez, 411 U.S. 475, 498-499 (1973) (explaining that
6  habeas corpus proceedings are the proper and exclusive mechanism for
7  a prisoner to challenge the fact or duration of his confinement).
8      For the foregoing reasons, the petition is dismissed without
9  prejudice.

11 Dated: *09.17.09*

                                             *Margaret M. Morrow*
                                             Margaret M. Morrow
                                             United States District Judge